UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT WORLITZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:18 CV 1974 CDP |
| | ) | |
| BOARD OF TRUSTEES, | ) | |
| DISTRICT #9, I.A.M.A.W. PENSION | ) | |
| AND WELFARE TRUST, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

The Court entered summary judgment for defendants on November 20, 2019. ECF 26. Defendants have timely moved the Court for an award of attorneys' fees in accordance with ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1). This provision states that "[i]n any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." Attached to defendants' motion are detailed billing records and an affidavit, signed by defendants' attorney Janine M. Martin, reflecting that defendants incurred legal fees of $10,323.50 in this matter, which is the amount defendants have asked the Court to award. Plaintiff has not filed a memorandum in opposition to defendants'

motion, and the fourteen-day period specified by the Local Rules has expired. *See* E.D. Mo. L.R. 8.02.

The Eighth Circuit has outlined a five-factor test to guide district courts in determining whether to award attorneys' fees in actions brought under ERISA § 502(g)(1):

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties could deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.

*Lawrence v. Westerhaus*, 749 F.2d 494, 495 (8th Cir. 1984). The Court need not review each factor "exhaustively and explicitly." *Griffin v. Jim Jamison, Inc.*, 188 F.3d 996, 997 (8th Cir. 1999). Rather, these factors are "*general guidelines* which provide direction to the district court, while also facilitating meaningful appellate review." *Martin v. Arkansas Blue Cross & Blue Shield*, 299 F.3d 966, 972 (8th Cir. 2002) (emphasis in original) (internal quotes omitted).

Plaintiff filed this lawsuit claiming entitlement medical and disability benefits despite repeatedly admitting his claim stemmed from an obviously non-

compensable work-related injury.[1]  Plaintiff additionally requested future benefits under the Welfare Plan despite knowing that he had not been a covered employee for over a year before he filed suit.  Plaintiff nonetheless persisted in the matter, forcing the Trust to expend its entirely participant-funded resources to defend against his legally and factually untenable claim.  An award of attorney's fees thus reflects the bad faith nature of plaintiff's claim and the relative merits of defendants' position; provides a benefit to the Trust's beneficiaries in recouping its expended costs; and serves as a deterrent for others who would seek to bring similarly misguided claims under the Welfare Plan's subrogation procedures.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' Motion for Attorney's Fees [27] is **GRANTED**, and defendants are awarded reasonable attorney's fees in the amount of $10,323.50.

*[signature]*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of February, 2020.

---

[1] *See* Memorandum and Order, ECF 25 at pg. 9 n. 2.